Premium Tea Company *vs.* George Mallovelle.

MAY 27, 1911.

Present:   Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Charging Garnishee by Default Not a Judgment.*

Where a garnishee in case of his default becomes liable by force of statute, and not by an adjudication of the court, the fact that he is charged by his default cannot be regarded as a judgment, and the garnishee may offer any defence he may have in an action against him to recover the amount for which he was charged.

Petition for a trial by a garnishee.   Heard and dismissed.

Blodgett, J.   This is a petition of the Wanskuck Company, charged as garnishee in the above entitled case, by reason of an alleged failure to make disclosure, asking for a trial as to the question of its liability as such garnishee and is as follows:

"To the Honorable Supreme Court:—

"1.   The Wanskuck Company, a corporation organized under the laws of this state, and doing business in the city of Providence, represents that on the 16th day of July, 1909, an action of the case was begun in the District Court of the Sixth Judicial District by Osher and David Tabrisky of Providence, doing business as Premium Tea Company, against George Mallovelle, alias John Doe, defendant, to recover a sum therein alleged to be due on book account, which writ was returnable to said District Court on the 5th day of August 1909, when it was duly returned.

"2.   That on said 16th day of July, 1909, said writ was served on your petitioner for the purpose of attaching the personal estate of the defendant in its hands and possession as the trustee of the defendant.

"3.   That on the 26th day of July, 1909, William H. Taylor, who then was, and ever since has been an officer of said Wanskuck Company, to-wit, ' clerk,' and as such qualified to render upon oath the account in writing required by Section 10,

Chapter 301 of the General Laws, 1909, prepared and rendered an account in writing upon oath to said District Court, stating that at the time of the service of said writ upon said Wanskuck Company, said Wanskuck Company had none of the estate of the defendant in its hands or possession, either directly or indirectly, as follows, viz.:

STATE OF RHODE ISLAND, &c.

PROVIDENCE, SC.

To the District Court
of the
Sixth Judicial District,
at the
City of Providence.

PREMIUM TEA CO.
*vs.*
GEORGE MALLOVELLE.    }  August 5th, A. D. 1909.

### ANSWER OF TRUSTEE.

I, William H. Taylor, acting for treasurer of the Wanskuck Co., with whom a copy of a writ was left for the purpose of attaching the personal estate of the defendant in the hands and possession of said Wanskuck Co., as trustee, on oath depose and say, that at the time such writ was served, the Wanskuck Co. had in its hands and possession no estate belonging to the said defendant, the sum of no dollars and no cents, and no more, either directly or indirectly.

(Signed)    WM. H. TAYLOR,

*Acting for Treasurer.*

PROVIDENCE, SC.

Subscribed and sworn to in Providence in said county, this 26th day of July, A. D. 1909.

Before me,

HENRY K. METCALF,

*Notary Public.*

"4.   That by accident, mistake and unforeseen cause the said William H. Taylor failed to set out in said account that he was an officer of said Wanskuck Company for the reason that he followed a long established usage and custom of said corporation in such matters, covering a period of many years, and designated himself as 'acting for the treasurer of the Wanskuck Company' instead of as 'clerk.'

"5.   That for many years prior to the date of the service of this writ, the said William H. Taylor had rendered to said District Court similar accounts in writing upon oath, showing that various persons, defendants, had no estate, or what estate they had (as the case might be) in the hands or possession of said Wanskuck Company at the time of the service of various writs upon it, and that in such accounts he had never set out that he was the clerk of said Wanskuck Company, but had always designated himself as in this instance, and that such accounts had always before been received and accepted as sufficient by said District Court, and by all parties, and that to the best of his information and belief the practice of filing such accounts in the form above set out has been in existence in said Wanskuck Company for the last twenty years, and originally commenced under legal advice.

"6.   That subsequently judgment by default was rendered against the defendant, George Mallovelle, alias, in favor of said Premium Tea Company, and on, to-wit, August 27, 1909, your petitioner without notice, and without trial was charged as garnishee with the amount of the judgment against said Mallovelle and costs, because of your petitioner's alleged neglect to file an account as by law required.

"And now within one year after said judgment, and after the judgment, decree and order of the District Court of the Sixth Judicial District charging said Wanskuck Company as trustee of said defendant, the Wanskuck Company comes and prays that a trial of said action may be had, at least in so far as the question of its liability is concerned, and that the judgment, decree and order of said District Court charging your petitioner as garnishee of the defendant, may be set aside, and that your

petitioner may have such other relief in the premises as your
Honors may deem proper under the provisions of Section 471
of the Court and Practice Act, and of Section 1, Chapter 297
of the General Laws, 1909, and such other relief as to your
Honors may seem proper.

"And that a citation may issue directed to the said Osher
and David Tabrisky commanding them and each of them on
a day therein named to appear and show cause if any they have
why the prayer of this petition should not be granted.

WANSKUCK CO.,

by William H. Taylor, *Clerk.*"

In *Eddy* v. *Providence Machine Co.*, 15 R. I. 7, 10, 11, it
was said by this court that "If, therefore, a garnishee in case of
default, becomes liable by force of statute, and not by an
adjudication of the court, the fact that he is 'charged by his
default' cannot be regarded as a judgment. It follows that
the defendant is not bound by the charging in the Justice
Court, but may show . . that he duly filed his affidavit,
(1) and should not have been charged." That case is decisive of
the case at bar, and inasmuch as no judgment has been entered
against the garnishee it may offer any defence it may have in the
action now pending against it. And see *Marshall* v. *McCor-
mick*, 27 R. I. 357.

Petition denied and dismissed.

*Harry P. Cross*, for petitioner.

*Fred T. Owen*, for respondent.